STATE BAR GRIEVANCE ADMINISTRATOR v FREID

OPINION OF THE COURT

1. ATTORNEY AND CLIENT—DISBARMENT—CRIMINAL LAW—CONSTITU-
TIONAL LAW—DUE PROCESS—NOTICE OF CHARGE.

> A disbarment proceeding is *quasi*-criminal in character although
> it is not necessary to observe all of the rules of criminal law in
> a disbarment proceeding and it is a fundamental rule of due
> process that a person must have notice of the charges against
> him, particularly in a proceeding where he is being challenged
> as to his right to continue to pursue his professional life (Const
> 1963, art 1, § 20).

2. ATTORNEY AND CLIENT—NOTICE OF CHARGE—CONSTITUTIONAL LAW
—DUE PROCESS.

> Failure on the part of the State Bar to provide notice of the
> charges against an attorney violated his constitutional rights
> and requires a reversal of his censure where he was disciplined
> because his alleged negligence caused a client to lose his rights
> on an insurance policy but the complaint, filed against the
> attorney, indicates that the claim referred to as barred by the
> statute of limitations was a workmen's compensation claim and
> no mention is made of any insurance policy.

OPINION FOR REVERSAL AND REMAND WITHOUT PREJUDICE

WILLIAMS, J.

3. ATTORNEY AND CLIENT—COMPLAINT—FINDINGS—VARIANCE—NOTICE
OF CHARGE—CONSTITUTIONAL LAW.

> *State Bar Grievance Board's order reprimanding an attorney*
> *must be reversed and remanded without prejudice because of*
> *variance between the complaint and the findings; the Michigan*
> *Supreme Court must protect the attorney-defendant's constitu-*
> *tional right to notice of the charges against him.*

Appeal from State Bar Grievance Board. Sub-

---

REFERENCE FOR POINTS IN HEADNOTES
[1–3] 7 Am Jur 2d, Attorneys at Law § 64.

mitted November 9, 1972. (No. 2 November Term
1972, Docket No. 53,868.) Decided December 21,
1972.

Disciplinary proceedings against Bernard M.
Freid. Respondent reprimanded. Respondent ap-
peals. Reversed.

*Louis Rosenzweig,* for the State Bar Grievance
Administrator.

*Rothe, Marston, Mazey, Sachs, O'Connell, Nunn
& Freid* (by *A. Donald Kadushin),* for respondent
on appeal.

SWAINSON, J. On April 23, 1962, Stanley J. Kush
was injured while in the employ of Massey-Fergu-
son, Inc. On May 10, 1962 he filed a claim for
workmen's compensation benefits. After the de-
fendant in that action and its insurer filed a notice
of defenses, Mr. Kush retained the respondent, Mr.
Freid, to prosecute the claim.

On October 1, 1962, respondent filed an appear-
ance in the case on behalf of Mr. Kush. Mr. Freid
handled the case for Mr. Kush over the next three
years. This included three separate hearings on
September 24, 1963, April 2, 1964, and December
15, 1964. A decision was mailed on August 6, 1965,
awarding Mr. Kush compensation at the rate of
$33 per week until further order of the depart-
ment. Defendant Massey-Ferguson filed an appeal
with the Workmen's Compensation Appeal Board.
On July 20, 1967, the Appeal Board reversed the
ruling of the referee.

Mr. Kush testified that upon receipt of the Ap-
peal Board's decision he called Mr. Freid who told
him "[i]t don't look good" but that he would appeal
it. Mr. Kush then asked Mr. Freid if he would get

a letter on what happened and was told yes. Mr. Kush was informed that an appeal would take two to three months. After seven months of not having heard anything, Mr. Kush called respondent's office. Mr. Freid was not in and Mr. Kush left a message to call him. After not receiving a return call, Mr. Kush called Mr. Freid the following day. Mr. Kush asked if respondent had received his message and was told that he had. He left another message to return his call and again received no response. Mr. Kush did nothing for 2-1/2 years when he again called respondent, who returned the call and informed him that he had not taken an appeal.

On October 29, 1970, Mr. Kush filed a request for an investigation with the State Bar Grievance Committee. On September 20, 1971 a hearing panel in Wayne County found respondent guilty of violating Canon 21 of the Canons of Professional Ethics[1] and issued a reprimand. On October 13, 1971 the State Bar Grievance Board affirmed the hearing panel. Respondent filed a claim of appeal with this Court on December 29, 1971.

Respondent has raised five separate issues on appeal. However, counsel for the State Bar Grievance Administrator in his brief and at oral argument made certain statements which are sufficient to require a reversal. The brief of the State Bar Grievance Administrator states:

"We think the appellant misconceives the issue in this case. The issue is not whether an attorney is subject to censure for failing to appeal a nonappealable fact case. It is where he has advised his client that he would take an appeal, fails to do so and fails to advise

---

[1] Canon 21 of the Canons of Professional Ethics provides:

"It is the duty of the lawyer not only to his client but also the Courts and to the public to be punctual in attendance, and to be concise and direct in the trial and disposition of causes."

his client that he cannot or will not take such appeal, *causing the client to lose an action on an insurance policy.*" (Emphasis added.)

The brief further states:

"There was at that time still a year in which Mr. Kush could have pursued his insurance claim. Even seven months later when Mr. Kush called appellant and received no reply, he had five months to pursue his insurance claim. *As a result of appellant's negligence, Mr. Kush lost his rights to insurance benefits.*" (Emphasis added.)

And further, the State Bar Grievance Administrator stated:

"Appellant is confused. There is no charge that the statute of limitations was involved in the compensation case. *The statute of limitations related to Mr. Kush's insurance claim.*" (Emphasis added.)

Thus, it appears that Mr. Freid was disciplined because his alleged negligence caused Mr. Kush to lose his rights on an insurance policy. However, the complaint that was filed against Mr. Freid in this case reads as follows:

"4. That the charge of misconduct against said Respondent is as follows:

"a) In acting as counsel for Stanley J. Kush, Respondent violated the Canon of Professional Ethics number 21 in that he failed to prosecute a workmen's compensation claim after it had been reversed by the Appeal Board thereby permitting the claim to become barred by the statute of limitations."

Even a cursory reading of the complaint indicates that the claim referred to as barred by the statute of limitations was the workmen's compen-

sation claim. No mention is made of the fact of any insurance policy in the complaint. The State Bar alleges that Mr. Freid knew of the insurance policy. However, his knowledge of such a policy did not change the fact that he was not charged with wrongdoing concerning an insurance policy.

In *State Bar of Michigan v Woll,* 387 Mich 154 (1972), the Court stated (p 161):

"Although it is not necessary to observe all of the rules of criminal law and procedure in a disbarment proceeding, nevertheless our Court has long recognized that a disbarment proceeding is quasi-criminal in character."

See also: *Matter of Hamilton Baluss,* 28 Mich 507 (1874) and *In re Clink,* 117 Mich 619 (1898).

It is a fundamental rule of due process that a person must have notice of the charges against him.[2] Particularly is this true in a proceeding where a person is being challenged as to his right to continue to pursue his professional life. This notice is provided by the filing of the complaint. The complaint in this matter is shamefully defective and should be a source of embarrassment to both the hearing panel and the Grievance Board. In this case, the respondent did not receive the notice that due process requires. The failure on the part of the State Bar to provide such notice violated respondent's constitutional rights and re-

---

[2] Const 1963, art 1, § 20 provides:

"In every criminal prosecution, the accused shall have the right to a speedy and public trial by an impartial jury, which may consist of less than 12 jurors in all courts not of record; to be informed of the nature of the accusation; to be confronted with the witness against him; to have compulsory process for obtaining witnesses in his favor; to have the assistance of counsel for his defense; to have an appeal as a matter of right; and in courts of record, when the trial court so orders, to have such reasonable assistance as may be necessary to perfect and prosecute an appeal."

quires a reversal of his censure. The judgment is reversed.

T. M. KAVANAGH, C. J., and BLACK, ADAMS, T. E. BRENNAN, and T. G. KAVANAGH, JJ., concurred with SWAINSON, J.

WILLIAMS, J. *(for reversal and remand without prejudice).* I concur with my Brother SWAINSON that the State Bar Grievance Board's order must be reversed because of variance between the complaint and the findings. I agree we must protect the attorney —defendant's constitutional right to notice. But I also wish to express concern about a fair determination on the merits of complainant— Kush's allegation that through the inattention of attorney-defendant the injured Kush lost the opportunity to realize an award on his insurance policy. I therefore would reverse and remand without prejudice.