STATE BAR GRIEVANCE ADMINISTRATOR v JACKSON

1. ATTORNEY AND CLIENT—DISBARMENT—BURDEN OF PROOF.

Although a disbarment proceeding is a quasi-criminal proceeding there are some differences from a criminal trial; for example, one basic difference is that the burden of proof in a disbarment proceeding resembles the burden of proof required in a civil case (State Bar Rule 16.13).

2. ATTORNEY AND CLIENT—COMPLAINT AGAINST ATTORNEY.

Complaint by the State Bar Grievance Administrator against an attorney should have been withdrawn where the case was basically a fee dispute between an attorney and an accountant who did work on an estate which the attorney represented and the accountant, after sending a letter to the State Bar Grievance Board, thereafter expressed his satisfaction with a settlement worked out with the attorney.

3. ATTORNEY AND CLIENT—COMPLAINT AGAINST ATTORNEY—STATE BAR GRIEVANCE ADMINISTRATOR—CRIMINAL LAW—FRAUD.

There are situations when the State Bar Grievance Administrator may continue to press a claim against an attorney despite the wishes of a complaining party such as when the actions of the attorney violated a criminal statute, consisted of fraud upon the court, or generally consisted of a pattern of conduct that brings disrepute on the Bar as a whole; however, where the basic complaint involves a question of fees between two parties, and the complaining party is satisfied with a settlement offered by the attorney, there is no reason for the Grievance Administrator to continue to proceed against the attorney.

4. ATTORNEY AND CLIENT—STATE BAR GRIEVANCE ADMINISTRATOR—COMPLAINT AGAINST ATTORNEY—DISCRETION.

State Bar Grievance Administrator abused his discretion in bringing a formal complaint against an attorney after an accountant

REFERENCES FOR POINTS IN HEADNOTES
[1, 6] 7 Am Jur 2d, Attorneys at Law §§ 12–72.
[2] 7 Am Jur 2d, Attorney at Law § 265.
[3, 4, 7] 7 Am Jur 2d, Attorney at Law §§ 38–43.
[5] 7 Am Jur 2d, Attorney at Law §§ 20, 64.

informed the Administrator that he no longer wished to pursue the grievance, a fee dispute, which had been settled to the satisfaction of the accountant.

5. ATTORNEY AND CLIENT—CONSTITUTIONAL LAW—DUE PROCESS—NO-TICE.

Judgment as to a count against an attorney in a State Bar grievance proceeding should be reversed where the hearing panel found that the attorney was basically guilty for failing to timely file tax returns but the complaint charged the attorney with delay of closing a probate estate; the attorney did not receive notice of the charge against him and his right to due process was violated.

6. ATTORNEY AND CLIENT—DISBARMENT PROCEEDINGS—MISCONDUCT—COMPLAINT AGAINST ATTORNEY.

An attorney may only be found guilty of misconduct as charged in the complaint, therefore, a State Bar hearing panel erred in finding an attorney guilty for misconduct not charged in the complaint.

7. ATTORNEY AND CLIENT—STATE BAR GRIEVANCE BOARD—COMPLAINT AGAINST ATTORNEY—DISMISSAL AND NONSUIT—EVIDENCE.

State Bar Grievance Board properly dismissed a complaint against an attorney where the State Bar Grievance Administrator did not prove by a preponderance of the evidence that the attorney was guilty of misconduct and, in addition, the attorney's client had requested that the complaint be withdrawn; the Administrator should have honored that request.

Appeal from State Bar Grievance Board. Submitted May 8, 1973. (No. 3 May Term 1973, Docket No. 54,230.) Decided October 17, 1973.

Disciplinary proceedings against Wilson M. Jackson. Order entered suspending respondent from practicing law for six months. Respondent appeals. State Bar Grievance Administrator cross-appeals. Reversed in part, affirmed in part, and complaint dismissed.

*Louis Rosenzweig,* for the State Bar Grievance Administrator.

*Robert W. Kirchhoff,* for respondent.

SWAINSON, J. This case involves several procedural problems that have arisen in State Bar grievance proceedings. Respondent was charged with four separate alleged instances of wrongdoing. Two separate complaints were filed, the first one containing three counts and the second complaint containing one count. A hearing was held on October 14 and December 2, 1971 before Wayne County Hearing Panel No. 12 on all four counts. The hearing panel found respondent guilty of misconduct on Counts I, III, IV, and dismissed Count II. It ordered the suspension of respondent for six months and assessed costs of $1,055.80. On July 6, 1972, the State Bar Grievance Board affirmed the finding of misconduct on Counts I and III and reversed the finding of misconduct on Count IV, reduced the costs to $555.80 and added $236.80 as costs on review. The Board also affirmed the six-month suspension. Respondent filed a claim of appeal and the State Bar Grievance Administrator filed a cross-appeal. On July 19, 1972, our Court granted an emergency motion for stay of suspension. We will deal with the facts and issues involved in each count separately.

## COUNT I—McCARTER

In 1952, respondent was retained by Evelyn Shafer to probate the estate of her deceased husband, Raymond Shafer. Part of the assets of that estate was the business of the decedent which Mrs. Shafer, as administratrix of the estate, was authorized to run by probate court order. In January, 1955, the business was ordered sold by order of the probate court and respondent was appointed es-

crow agent to collect the moneys derived from the sale and to pay the debt arising out of the operation of the business and the debts of the estate.

In June, 1963, Mrs. Shafer moved to Ohio and Joseph Barna was appointed administrator d.b.n. On February 21, 1964, Mrs. Shafer and Mr. Barna filed a petition to require respondent to appear for examination and make an accounting of his collections as escrow agent. No accounting had been made from 1955 to 1964. On the same date, the probate court entered an order directing respondent to appear on March 12, 1964 to make a full disclosure and accounting.

Respondent employed McCarter, an accountant, to prepare the accounting for him. The arrangement under which McCarter was to be paid is in dispute. In connection with the accounting, respondent filed a notice asking for an order allowing his account, and allowing accounting fees and attorney fees. Objections were filed by the administrator d.b.n. On March 25, 1965, orders were entered allowing the account and a $7,500 attorney fee, but the accounting fees were denied.

In December, 1970, the State Bar Grievance Board received a letter from McCarter stating that respondent had failed to pay him for this accounting. The Grievance Administrator attached to a letter a form entitled "Request for Investigation" and mailed it to respondent. Mr. Jackson failed to answer, and on January 25, 1971, a final notice before default was mailed to respondent. On February 16, 1971, a default was entered.

On June 16, 1971, McCarter wrote the State Bar Grievance Board stating that a settlement had been worked out with respondent and that he desired to drop the complaint. A formal complaint was filed on June 17, 1971 and, despite the request

by McCarter, the State Bar Grievance Administrator refused to withdraw the formal complaint. On June 29, 1971, McCarter wrote another letter stating that he wanted to drop the complaint against Mr. Jackson and that he would not testify against him. The hearing panel found respondent guilty of Count I. It found that he had failed to advise McCarter of the court order denying accounting fees and that he failed to answer the complaint pursuant to Rule 16.6 of the State Bar Grievance Board Rules.

We believe that Count I should have been dismissed by the hearing panel. Although our Court has held that a disbarment proceeding is a quasi-criminal proceeding[1] there are some differences from a criminal trial. For example, one basic difference is that the burden of proof in a disbarment proceeding resembles the burden of proof required in a civil case.[2]

This case is basically a fee dispute between an attorney and an accountant who did work on an estate which the attorney represented. The accountant, after sending a letter to the State Bar Grievance Board, thereafter expressed his satisfaction with a settlement worked out with respondent. However, despite this, the Grievance Administrator continued to press the complaint. We believe that under the circumstances of this case, the complaint should have been withdrawn. There are situations when the Grievance Administrator may

---

[1] *Matter of Hamilton Baluss,* 28 Mich 507, 508 (1874); *In re Clink,* 117 Mich 619 (1898); *State Bar of Michigan v Woll,* 387 Mich 154; 194 NW2d 835 (1972). *See, also, In re Ruffalo,* 390 US 544, 550–551; 88 S Ct 1222, 1226; 20 L Ed 2d 117, 122–123 (1968).

[2] Rules 16.13 of the Rules of the State Bar of Michigan provides in part:

"If the Hearing Panel finds that the charges of misconduct are established as true by a preponderance of the evidence, the Hearing Panel shall enter an order for discipline."

continue to press a claim despite the wishes of a complaining party. Examples are when the actions of the attorney violated a criminal statute, consisted of fraud upon the court, or generally consisted of a pattern of conduct that brings disrepute on the Bar as a whole. However, where the basic complaint involves a question of fees between two parties, and the complaining party is satisfied with a settlement offered by the attorney, we see no reason for the Grievance Administrator to continue to proceed against the attorney.

*In re Schlossberg v State Bar Grievance Board,* 388 Mich 389; 200 NW2d 219 (1972), our Court reversed an order of the Grievance Board dismissing a complaint and remanded for a hearing to examine the complainant's allegations against the attorney. Thereafter, a motion was filed by the respondent to amend the judgment because the complainant no longer wished to proceed with the grievance. Over the objection of the Grievance Administrator, our Court granted the motion to amend the Court's order entered pursuant to the opinion. *In re Schlossberg v State Bar Grievance Board,* Docket No. 53295, (June 1, 1973).[3] The Court thus recognized that the parties do have a right not to proceed with a complaint. We hold that the Grievance Administrator abused his discretion in bringing a formal complaint after McCarter informed the Administrator that he no longer wished to pursue the grievance. The judgment of the Grievance Board as to Count I is reversed.

---

[3] The order read as follows:

"On order of the Court, the motion by respondent to amend judgment is considered, and the same is hereby GRANTED. It is further ordered that the order of this Court dated July 26, 1972 (cf. 388 Mich 389) is amended to read and hereby provide that: The order of the Grievance Board dismissing the complaint and request for investigation is reversed. The cause is remanded to the Grievance Board for disposition by it. Costs to abide final result in this case."

## COUNT III—HAASO

Respondent was retained by Helen Haaso to probate the estate of her deceased husband. On June 16, 1967, she was appointed special administratrix and thereafter was appointed executrix of the estate. Part of the assets of the estate was an equitable mortgage executed by Warren Damman and his wife to Ernest and Helen Haaso. The collateral for the mortgage was a land contract executed by St. Anne's Convalescent Home, Inc. as purchaser and Mr. and Mrs. Dammon as seller. At the time of Haaso's death there was a $5,000 balance due on his mortgage. In connection with this estate, Federal estate tax and state inheritance tax returns and payments were required. The tax returns were not timely filed, and Helen Haaso was assessed penalties of almost $1,400.

On November 9, 1970, Mrs. Haaso filed a request for investigation with the State Bar Grievance Administrator alleging that respondent had not closed the estate and had not collected money due under the mortgage. Respondent replied to the request for investigation and stated that the estate would be closed and the note collected. A letter was sent to Mrs. Haaso informing her that the estate was ready for closing and informing her that she was being charged an additional $2,500 in attorney fees. Respondent denied sending the letter and it appeared that it was sent by another attorney to whom respondent had referred the Haaso case. The hearing panel found respondent guilty of misconduct on the grounds that his actions forced Mrs. Haaso to pay the penalties on the taxes. The State Bar Grievance Board affirmed the finding on this count.

The judgment as to this count must also be

reversed. In the case of *State Bar Grievance Administrator v Freid,* 388 Mich 711; 202 NW2d 692 (1972), our Court stated, (p 715):

"It is a fundamental rule of due process that a person must have notice of the charges against him. Particularly is this true in a proceeding where a person is being challenged as to his right to continue to pursue his professional life. This notice is provided by the filing of the complaint."

The complaint as to the Haaso estate charged respondent with:

"a. As attorney for Helen Haaso, Respondent delayed closing of the estate of Ernest Haaso, Deceased, and delayed securing money due to her in that estate, for approximately three years, in violation of Canon 21 of the Canons of Professional Ethics.

"b. A Notice of the Request for Investigation was mailed to Respondent on December 15, 1970.

"c. On January 11, 1971, no answer having been received, a Final Notice Before Default was mailed to Respondent by Certified Mail, Return Receipt Requested, and same was received by him on January 12, 1971, as appears by the Return Receipt.

"d. That on January 11, 1971, in the afternoon, an answer was received by the State Bar Grievance Board, dated January 7, 1971.

"e. That this constituted a violation of Section 15.6 of the Grievance Board Rules.

"f. That several months thereafter, and after repeated requests for information by the Grievance Board, Respondent did finally prepare papers so that his client could receive the outstanding check in said estate.

"g. Thereafter, Respondent demanded fees in addition to the agreed fee which had been paid, and stated that he could not close the estate until this was done.

"h. That this action was in violation of Canons 21 and 22 of the Judicial Canons of Ethics."

* * *

The finding of the hearing panel was that respondent was basically guilty for failing to timely file tax returns. Respondent did not receive notice that this was what he was charged with. Respondent did not receive notice of the charge against him and his right to due process was thus violated. The Grievance Administrator appears to concede this point in his brief by contending:

"That the Hearing Panel found him guilty of causing loss to the estate by his actions or failure to take action, is immaterial. Where a court ascribes a wrong reason for a correct decision the judgment will nevertheless be affirmed. [Cites]"

An attorney may only be found guilty of misconduct as charged in the complaint. See, *In re Ruffalo,* 390 US 544; 88 S Ct 1222; 20 L Ed 2d 117 (1968). The complaint did not mention failure to timely file tax returns as a ground for disbarment. The hearing panel erred in finding him guilty for misconduct not charged in the complaint.

## COUNT IV—CERLIGIONE

Respondent represented Phyllis Cerligione in a separate maintenance action. A judgment of separate maintenance was entered on November 27, 1967 and she received a judgment of $3,980.38. Mr. Cerligione then filed for a divorce in New Jersey. Respondent informed Mrs. Cerligione that she would have to retain counsel in New Jersey and she did so. During the course of the divorce proceedings, respondent went to New Jersey to testify for Mrs. Cerligione. She ultimately received a settlement of $2,000 in New Jersey. A dispute arose as to the disposition of the proceeds.

A formal complaint was filed on August 16, 1971 charging respondent with misconduct in connection with this case. Mrs. Cerligione, however, did not appear at the hearing and a letter from her stating that she was withdrawing the complaint had also been made a part of the file prior to the hearing. No evidence was produced concerning respondent's alleged misconduct on this count on the basis of the request for investigation, the formal complaint and respondent's answer thereto. The State Bar Grievance Board reversed and dismissed the complaint. The Grievance Administrator filed a cross-appeal with our Court.

For the reasons stated in the discussion of Count I, the Grievance Administrator should have honored the request of Mrs. Cerligione that the complaint be withdrawn. This is not the type of situation in which the Grievance Administrator may continue to press a claim despite the wishes of a complaining party. See page 152, *supra.* In addition, we agree that the State Bar Grievance Board properly dismissed this complaint. We do not believe that the Grievance Administrator proved by a preponderance of the evidence that respondent was guilty of misconduct.

The judgment of the State Bar Grievance Board is reversed in part and affirmed in part and the complaint is dismissed, but without prejudice to the filing of a proper complaint regarding Count III.

T. M. KAVANAGH, C. J., and T. E. BRENNAN, T. G. KAVANAGH, WILLIAMS, LEVIN, and M. S. COLEMAN, JJ., concurred with SWAINSON, J.