STATE BAR GRIEVANCE ADMINISTRATOR v McWHORTER

Docket No. 60689. Submitted October 6, 1978 (Calendar No. 7).—
    Decided February 5, 1979. Rehearing granted 406 Mich 1117.
    Opinion on rehearing, see 407 Mich 278.

The State Bar Grievance Board ordered Robert A. McWhorter
suspended from the practice of law for 121 days for misconduct
in dealing with the funds of a client and her children. The
money was obtained by a judgment on behalf of the children
which provided that the client would hold the money as next
friend of the children until appointment of a guardian. The
client orally agreed that the respondent would keep the funds
for investment until the children reached the age of 18. The
client became dissatisfied with the respondent's failure to ac-
count for the trust funds as she had asked him to do and she
requested an investigation by the State Bar Grievance Board.
The respondent later returned an amount of money to the
client that was approximately 50% greater than the amount he
agreed to invest. The client has since requested that the State
Bar Grievance Board discontinue the grievance proceedings.
Respondent appeals. *Held:*

The request by the aggrieved client for discontinuance of the
grievance proceedings, while it need not be honored in every
case, is dispositive in the circumstances of this case. The
request to withdraw the complaint came early in the investiga-
tion. The respondent's conduct was not of the egregious kind
that requires continued grievance proceedings for the protec-
tion of the public. The client's request to withdraw the charges
several months after the client's trust fund in question was
returned, her persistence in her desire to stop the proceedings
18 months later at the hearing, and her continued attorney-
client relationship with the respondent lead to the conclusion
that the State Bar Grievance Board should have discontinued
its investigation.

Reversed and the complaint against the respondent is dis-
missed.

Justice Ryan, joined by Chief Justice Coleman and Justice
Moody, dissented.

A review of the record shows that the respondent was guilty
of inexcusable misconduct and that the suspension imposed was

fully warranted. His failure to make any record of his disposition of his client's funds is a clear violation of the Code of Professional Responsibility. His unjustified treatment of his client's funds as if his only responsibility were to repay them with interest many years later reflects adversely on his fitness to practice law. The client's willingness to withdraw the charge weighs in the respondent's favor. However, his conduct in conflict with the terms of the judgment under which the money was obtained, and the return of the money to the client only after the involvement of the county sheriff's department and State Bar Grievance Board, suggest a pattern of conduct bringing disrepute to the State Bar as a whole.

*Eugene N. LaBelle,* Associate Counsel to State Bar Grievance Administrator.

*Foster, Swift, Collins & Coey, P.C.* for respondent.

PER CURIAM. On November 4, 1977, the State Bar Grievance Board affirmed and adopted the findings, conclusions, and order of Ingham County Hearing Panel No. 2 filed August 5, 1977. The hearing panel had found the respondent Robert A. McWhorter guilty of misconduct in his dealings with funds belonging to a client and her minor children. The order suspended respondent from practice for a period of 121 days.

The respondent has appealed, contending that the record does not justify his suspension.

## I

The respondent represented Bonnie Beach and her minor children in connection with an automobile accident. A settlement was reached with the adverse party as a result of which $9,350, less the respondent's fee, was awarded to the children. The judgment provided that Ms. Beach would hold the money as next friend for the children until ap-

pointment of a general guardian. Ms. Beach entered into an oral agreement with Mr. McWhorter under which he was to retain the funds for the purposes of investment to assure that when the children reached age 18 they would receive a good return on the money.

Ms. Beach became dissatisfied with the respondent's ability to document the existence and whereabouts of the money. She filed a request for investigation with the State Bar Grievance Board on August 18, 1975. After receiving notice of the board's investigation, the respondent returned an amount of money to Ms. Beach in October of 1975 that was approximately 50% greater than the amount he originally agreed to invest. It appears that the respondent replaced this money with his own funds.

On December 21, 1975, Ms. Beach signed an affidavit requesting that the board not proceed further with its investigation. She persisted in that request in her testimony before the hearing panel on June 13, 1977.

The hearing panel's findings with regard to the charged misconduct were as follows:

"3. That the said hearing panel * * * finds that the respondent did not handle the trust funds with honesty, fidelity and good faith and that as an attorney he should have known that the funds referred to in said paragraph should have been placed either with a guardian or other fiduciary appointed by a proper court and thereafter handled fully in accord with statutes pertaining to the investment of minors' funds.

"4. The panel further finds that proper books of account and records concerning the administration of the trust funds were not kept by the respondent.

"5. That the respondent failed to disclose or to account to Bonnie Beach any information concerning the investments, the location, or the administration thereof,

and that he failed to preserve the identity of the separate trust funds for the children of Mrs. Beach.

"6. That the respondent breached the duties which he had as a trustee of the Beach funds in that he failed to preserve the identity of the separate trust funds under his control, and further failed to maintain complete records of trust funds in his possession for the benefit of Bonnie Beach and for the benefit of the minor children. Further, that he failed to render accountings concerning the trust funds although requested by the said Bonnie Beach."

The panel concluded that these actions constituted violations of Code of Professional Responsibility, DR 1-102(A)(6)[1] and DR 9-102(B), subds (2), (3), and (4).[2]

## II

The respondent contends that DR 9-102(B)(2) is inapplicable because there was no specific property which he should have stored in a place of safekeeping. He argues that DR 9-102(B)(4) was not violated because his client never asked him to pay over the funds. The respondent maintains that the agreement that he had with Ms. Beach did not require him to keep records or give accountings of the funds involved. Thus, he believes that DR 9-

---

[1] "A lawyer shall not * * * [e]ngage in any other conduct that adversely reflects on his fitness to practice law."

[2] "(B) A lawyer shall:

* * *

"(2) Identify and label securities and properties of a client promptly upon receipt and place them in a safe deposit box or other place of safekeeping as soon a practicable.

"(3) Maintain complete records of all funds, securities, and other properties of a client coming into the possession of the lawyer and render appropriate accounts to his client regarding them.

"(4) Promptly pay or deliver to the client as requested by a client the funds, securities and other properties in the possession of the lawyer which the client is entitled to receive."

102(B)(3) is not applicable. Finally, he argues that the record does not reveal conduct on his part adversely reflecting on his fitness to practice law because his conduct was appropriate given the agreement with his client and the relationship between them. He points to his payment of an appropriate amount to his client and her apparent satisfaction, as evidenced by her request that the grievance proceeding be discontinued and his continued representation of her in other legal matters.

## III

We do not reach the question of whether the evidence supports the findings of misconduct by the respondent. We regard the request by the aggrieved client for discontinuance of the proceedings as dispositive. There are situations in which the withdrawal of a request for investigation need not be honored by the board. *Cf. State Bar Grievance Administrator v Jackson,* 390 Mich 147, 152; 211 NW2d 38 (1973). In the circumstances of this case, however, we believe that the withdrawal request should have been honored. The withdrawal came early in the investigation. The respondent's conduct was not of the egregious kind that requires continued proceedings for the protection of the public even in the absence of a continued interest by the aggrieved party. Finally, the client's withdrawal of the request for investigation several months after the return of the money, her persistence in her desire to stop the proceedings 18 months later at the hearing, and her continued attorney-client relationship with respondent lead us to conclude that the board should have discontinued its investigation.

Accordingly, we reverse the order of the State

Bar Grievance Board and dismiss the complaint against the respondent.

Kavanagh, Williams, Levin, and Fitzgerald, JJ., concurred.

Ryan, J. *(dissenting)*. Our review of the record convinces us that the respondent was guilty of inexcusable misconduct and that the suspension imposed was fully warranted. His admitted failure to keep any record of his disposition of his client's funds is a clear violation of DR 9-102(B)(3). His unjustified treatment of his client's funds as if his only responsibility was to repay the amounts with interest many years later[1] reflects adversely on his fitness to practice law.

The majority opinion does not reach the question of the evidentiary support for the findings of the hearing panel, which were adopted by the State Bar Grievance Board. Instead, it bases reversal of the order of discipline on the complainant's willingness to discontinue the proceeding. We disagree.

We recognize that the client's willingness to withdraw the charge is a factor which weighs in the respondent's favor. See *State Bar Grievance Administrator v Jackson,* 390 Mich 147; 211 NW2d 38 (1973). However, respondent's conduct in conflict with the consent judgment under which the money was obtained and the return of the funds only after the involvement of the county sheriff's department and State Bar Grievance Board suggest to us a pattern of conduct bringing disrepute to the bar as a whole. *State Bar Grievance Administrator v Jackson, supra,* 152.

---

[1] At the time of the settlement of the automobile accident case one child was five years old and the other not yet one year of age.

Accordingly, we would affirm the order of the State Bar Grievance Board.

COLEMAN, C.J., and BLAIR MOODY, JR., J., concurred with RYAN, J.