STATE BAR GRIEVANCE ADMINISTRATOR v McWHORTER (ON REHEARING)

Docket No. 60689. Decided February 5, 1979, 405 Mich 563. Rehearing granted 406 Mich 1117. Resubmitted June 5, 1979 (Calendar No. 7).—Decided October 29, 1979.

The State Bar Grievance Board suspended Robert A. McWhorter from the practice of law for 121 days for misconduct in dealing with the funds of a client. The money was obtained by a judgment on behalf of the children of the client; the judgment provided that the client would hold the money as next friend of the children until appointment of a guardian. The client orally agreed with the respondent that he would keep the money for investment until the children reached the age of 18. She became dissatisfied with his failure to account for the trust funds when asked, and she requested an investigation by the State Bar Grievance Board. The respondent then returned an amount of money to her that was approximately 50% greater than the amount he agreed to invest. The client then asked to withdraw her request for investigation, but the Grievance Administrator proceeded with the investigation and filed a complaint which resulted in the suspension. Respondent appeals. *Held:*

1. Where the basic complaint is a question between two parties of fees, and the complaining party is satisfied with a settlement offered by the attorney, there is no reason for the Grievance Administrator to continue to proceed against the attorney. However, there are situations when the Grievance Administrator may continue to press a claim despite the wishes

REFERENCES FOR POINTS IN HEADNOTES
[1, 6] 7 Am Jur 2d, Attorneys at Law § 12 *et seq.*
[2] 7 Am Jur 2d, Attorneys at Law § 57.
[3, 8] 7 Am Jur 2d, Attorneys at Law § 35.
  Liability of attorney for loss of client's money or personal property in his possession or entrusted to him. 26 ALR2d 1340.
[4] 7 Am Jur 2d, Attorneys at Law § 13.
[5] 7 Am Jur 2d, Attorneys at Law §§ 15-18.
[7] 7 Am Jur 2d, Attorneys at Law §§ 15, 17.
[9] 7 Am Jur 2d, Attorneys at Law § 60 *et seq.*

of a complaining party. Examples are when the actions of the attorney violated a criminal statute, consisted of fraud upon the court, or generally consisted of a pattern of conduct that brings disrepute on the State Bar as a whole.

2. The complaint filed by the Grievance Administrator in this case charged the respondent with misconduct in his handling of trust funds received on behalf of the children; it alleged his failure to preserve the identity of the funds, to keep proper records concerning the funds, and to render appropriate accountings. The complaint further charged the respondent with having commingled and converted the trust funds to his own use. The allegations made in the complaint do not indicate the existence of a fee dispute, but, if proven, establish professional misconduct of a serious nature tending to bring disrepute on the State Bar as a whole. Therefore, the Grievance Administrator was not bound by the client's withdrawal of her request for investigation.

3. The primary purpose of disciplinary proceedings has been to ensure protection of the public, the courts, and the legal profession. Although the complaint of a client may provide the initial impetus for investigation, grievance proceedings have never been intended to provide a forum for litigating claims of individual clients against their attorneys. Responsibility for ensuring that the conduct of attorneys comports with standards of professional responsibility rests with the legal profession and, ultimately, with the Supreme Court. In instances where serious misconduct may be involved, the decision whether to proceed with an investigation should not repose with a client. This would not only fail to serve the public interest but could be construed as an abdication of responsibility. Accordingly, on the facts of this case, the Grievance Administrator was free to proceed with the claim against the respondent despite the express desire of the client that the investigation be discontinued.

4. A hearing panel is empowered to enter an order of discipline only where it finds the charges have been established by a preponderance of the evidence. The function of the Court in reviewing the findings of the board is to determine whether there exists proper evidentiary support on the whole record to sustain the findings. Review of the record in this case shows ample evidence to support the findings of misconduct. The respondent admittedly kept no records of the funds received in trust for the children. Over a five-year period he failed to render any meaningful accounting of the funds despite re-

peated requests by his client. He failed to earmark these monies as property of his client or place them in safekeeping.

5. The conclusion by the State Bar Grievance Board that the respondent's conduct violated the Disciplinary Rule which requires that a lawyer promptly pay over or deliver to the client, as requested, the funds in the respondent's possession which the client was entitled to receive, however, is defective for three reasons. First, such misconduct was not charged in the complaint; an attorney may be disciplined for misconduct only where it has been charged in the complaint. Second, no finding of fact was made by the hearing panel or the State Bar Grievance Board that would support the conclusion that the respondent violated the Disciplinary Rule. Third, there is insufficient evidentiary support on the record to sustain the conclusion. However, the order of discipline imposed was fully warranted by the other findings and conclusions of the State Bar Grievance Board which are sustained by proper evidentiary support on the whole record.

The order of discipline is affirmed.

1. ATTORNEY AND CLIENT — DISCIPLINARY PROCEEDINGS — REQUEST FOR INVESTIGATION — WITHDRAWAL OF REQUEST.

There is no reason for the Grievance Administrator to continue to proceed on a request for investigation against an attorney where the basic complaint involves a question of fees between two parties, and the complaining party is satisfied with a settlement offered by the attorney.

2. ATTORNEY AND CLIENT — DISCIPLINARY PROCEEDINGS — REQUEST FOR INVESTIGATION — WITHDRAWAL OF REQUEST.

The Grievance Administrator may continue to press a complaint against an attorney despite the wishes of a complaining party where, for example, the actions of the attorney violated a criminal statute, consisted of fraud upon the court, or generally consisted of a pattern of conduct that brings disrepute on the State Bar as a whole.

3. ATTORNEY AND CLIENT — DISCIPLINARY PROCEEDINGS — REQUEST FOR INVESTIGATION — WITHDRAWAL OF REQUEST.

Charges that an attorney was guilty of professional misconduct in his handling of trust funds received on behalf of a client's minor children by the attorney's failure to preserve the identity of the funds, to keep proper records concerning them, and to render appropriate accountings, and by commingling and converting the trust funds to his own use, if proven to be true, establish professional misconduct of a serious nature tending to

bring disrepute on the State Bar as a whole; therefore the Grievance Administrator was not bound by the client's express desire to withdraw the request for investigation.

4. ATTORNEY AND CLIENT — DISCIPLINARY PROCEEDINGS — PURPOSE.

The primary purpose of a disciplinary proceeding against an attorney is the protection of the public, the courts and the legal profession; although the complaint of a client may provide the initial impetus for investigation, grievance proceedings have never been intended to provide a forum for litigating claims of clients against their attorneys, and in instances where serious misconduct may be involved the decision to proceed with an investigation should not repose with a client (Grievance Board Rule 16.34; GCR 1963, 954).

5. ATTORNEY AND CLIENT — DISCIPLINARY PROCEEDINGS — DECISION TO PROCEED.

Responsibility for ensuring that the conduct of attorneys comports with standards of professional responsibility rests with the legal profession and, ultimately, with the Supreme Court; to allow the decision to proceed with an investigation to repose with the client in a case where serious misconduct may be involved not only would fail to serve the public interest but could be construed as an abdication of responsibility.

6. ATTORNEY AND CLIENT — DISCIPLINARY PROCEEDINGS — EVIDENCE — SUFFICIENCY.

A hearing panel of the Attorney Discipline Board is empowered to enter an order of discipline only where it finds the charges have been established by a preponderance of the evidence (Grievance Board Rule 16.13; GCR 1963, 964.10[1]).

7. ATTORNEY AND CLIENT — DISCIPLINARY PROCEEDINGS — APPEAL — EVIDENCE — SUFFICIENCY.

The function of the Court in reviewing the findings of the State Bar Grievance Board is to determine whether there exists proper evidentiary support on the whole record to sustain the findings.

8. ATTORNEY AND CLIENT — DISCIPLINARY PROCEEDINGS — TRUST ACCOUNT — FIDUCIARY DUTY.

Findings by the State Bar Grievance Board of professional misconduct of a lawyer are amply supported by the record where the lawyer admittedly kept no records of funds he received in trust for the minor children of a client, over a five-year period failed to render any meaningful accounting for the whereabouts of the funds despite repeated requests by the

client, and failed to earmark the funds as the property of the client or place them in safekeeping; his unjustified treatment of the funds reflects adversely on his fitness to practice law (Code of Professional Responsibility, DR 9-102[B], subds [2] and [3]).

9. ATTORNEY AND CLIENT — DISCIPLINARY PROCEEDINGS — COMPLAINT.
An attorney may be disciplined for misconduct only where it has been charged in the complaint.

*Eugene N. LaBelle,* Counsel, Attorney Grievance Commission *(David F. DuMouchel,* Chairman, of counsel).

*Foster, Swift, Collins & Coey* for respondent.

Amicus Curiae:

*Michael Franck* and *Douglas L. Sweet* for State Bar of Michigan.

BLAIR MOODY, JR., J. This is an appeal from a November 4, 1977 order of the State Bar Grievance Board affirming an order of discipline filed by Ingham County Hearing Panel No. 2 on August 5, 1977. The order of discipline suspended respondent Robert A. McWhorter's license to practice law for 121 days.

Respondent filed a timely claim of appeal and motion for stay of suspension. His motion for stay of suspension was granted on November 23, 1977. This Court vacated the order of discipline and dismissed the complaint filed against respondent. *State Bar Grievance Administrator v McWhorter,* 405 Mich 563 (1979). The majority determined that the client's request to discontinue proceedings against respondent should have been honored by the State Bar Grievance Administrator. This determination was held to be dispositive of the case. The question whether the evidence supported the

board's findings of misconduct by respondent was therefore not addressed.

Rehearing was granted on April 5, 1979, 406 Mich 1117 (1979). On rehearing, the following issues present themselves for resolution:

I. Whether the desire of the client to discontinue proceedings against respondent should be held binding on the Grievance Administrator?

II. Whether the evidence presented before the hearing panel supports the board's findings of misconduct on the part of respondent?

Following careful reevaluation of the record, we hold that the expressed wish of the client to discontinue proceedings against respondent was not binding upon the Grievance Administrator. Further, we find sufficient evidence on the record to support the board's findings of misconduct on the part of respondent.

## Facts

The following facts were adduced before the hearing panel. On October 27, 1969, respondent filed suit on behalf of Bonnie Beach and her two minor children seeking recovery for personal injuries sustained in an automobile accident. Mrs. Beach was appointed next friend for the purpose of prosecuting her children's claims.

Respondent was successful in effecting a settlement. A consent judgment, embodying the terms of the settlement, was entered on October 27, 1969. The judgment provided that certain sums be paid to each child through their next friend. It also provided:

"It is further ordered that Bonnie Lee Beach in her capacity as Next of [sic] Friend for said minors, shall hold all sums received by her on behalf of said minors

less the aforementioned attorney fees, in escrow for said minors until such time as there is appointed a General Guardian for said minors."

No general guardian was appointed. Rather, upon respondent's suggestion, respondent and Mrs. Beach entered into an oral agreement providing that respondent would take custody of the judgment proceeds, "invest" them, and insure that the children received a "good return on their investment" upon reaching the age of majority.[1]

Mrs. Beach testified that during the five-year period following her agreement with respondent she made numerous requests of respondent to supply proof of where the children's money had been invested. Mrs. Beach further testified that no satisfactory accounting was ever rendered.

In February of 1975, Mrs. Beach, accompanied by a detective from the Kalamazoo Sheriff's Department, met with respondent and renewed her request for an accounting. Thereafter, respondent purchased two certificates of deposit, made payable to respondent as trustee for the two children, and exhibited the certificates to Mrs. Beach. By respondent's own testimony, he later negotiated these certificates and loaned the proceeds to another client.

In August of 1975, Mrs. Beach forwarded a request for investigation to the State Bar Grievance Board. Following receipt of the request for investigation, respondent purchased two other certificates of deposit which were made payable to Mrs. Beach as trustee for the children. The amount of the certificates represented the principal amount received on behalf of the children in 1969 plus 7-1/2% interest compounded annually.

---

[1] At the time of the agreement the children were five and one years of age.

Shortly after respondent delivered these certificates to Mrs. Beach, she signed an affidavit indicating her desire to withdraw her request for investigation. The affidavit was prepared by respondent and forwarded to the Grievance Board by respondent in December of 1975.

Despite the client's expressed desire that proceedings against respondent be discontinued, the Grievance Administrator conducted an investigation. A complaint charging respondent with misconduct was filed by the Grievance Administrator with the board in March of 1977.

## DISCUSSION

### I

In the initial disposition of this case, the majority acknowledged that situations exist where the withdrawal of a request for investigation by a client need *not* be honored by the board. *State Bar Grievance Administrator v Jackson,* 390 Mich 147, 151-152; 211 NW2d 38 (1973). We believe that this is such a case.

In *Jackson, supra,* an accountant, having received no compensation for accounting services performed for an attorney, filed a request for investigation with the board. Following settlement with the attorney, the complainant withdrew his request for investigation. The *Jackson* Court held the Grievance Administrator had abused his discretion by filing a complaint in face of the complainant's wish that the proceedings be discontinued. The Court concluded:

"[W]here the basic complaint involves a question of

fees between two parties, and the complaining party is satisfied with a settlement offered by the attorney, we see no reason for the Grievance Administrator to continue to proceed against the attorney." *Jackson, supra,* 152.

The Court in *Jackson* excepted from this rule situations where serious misconduct on the part of an attorney may be involved, stating:

"There are situations when the Grievance Administrator may continue to press a claim despite the wishes of a complaining party. Examples are when the actions of the attorney violated a criminal statute, consisted of fraud upon the court, *or generally consisted of a pattern of conduct that brings disrepute on the Bar as a whole.*" (Emphasis added.) *Jackson, supra,* 151-152.

In the instant case, the complaint filed by the Grievance Administrator charged respondent with misconduct in his handling of trust funds received on behalf of the two minor children. The complaint alleged his failure to preserve the identity of the funds, to keep proper records concerning the funds, and to render appropriate accountings. The complaint further charged respondent with having commingled and converted the trust funds to his own use.[2]

The allegations made in the instant complaint do not indicate the existence of a fee dispute. Rather, if proven to be true, they establish professional misconduct of a serious nature "that brings disrepute on the Bar as a whole". *Jackson, supra,* 152. It is therefore concluded, under *Jackson,* that

[2] The request for investigation filed by Mrs. Beach preceded the filing of the complaint by the Grievance Administrator. In the request for investigation, Mrs. Beach complained of respondent's failure to render any meaningful accounting of where he had "invested" her children's funds.

the Grievance Administrator was not bound by the client's withdrawal of her request for investigation.

The rule set forth in *Jackson,* restricting the right of the Grievance Administrator to proceed, should not be expansively applied to situations, such as the present one, where serious misconduct on the part of the attorney has been charged. The decision of whether to proceed with a hearing on charges of attorney misconduct was vested in the State Bar Grievance Board. Grievance Board Rule 16.8.[3] *Jackson* represents a limitation on that decision-making power.[4]

Furthermore, *Jackson* represents a departure from the general rule followed in other jurisdictions to the effect that "[s]ettlement with clients on a basis satisfactory to them * * * does not preclude inquiry into the moral and professional quality of an attorney's acts prior to and in connection therewith". 7 CJS, Attorney and Client, § 25(c), p 767. *Cf. In re Coburn,* 207 Mich 350, 361; 174 NW 134 (1919).

Expansive application of the *Jackson* rationale also tends to undermine the purpose of investigating occurrences of professional misconduct through the grievance machinery. The *primary* purpose of disciplinary proceedings has been to ensure "protection of the public, the courts and the legal profession". Grievance Board Rule 16.34(d).[5] Al-

---

[3] Compare Grievance Board Rule 16.8 with GCR 1963, 963, effective October 1, 1978. The rules governing attorney disciplinary proceedings were revised, effective October 1, 1978 and are included in Chapter 95 of the General Court Rules of 1963.

[4] But see GCR 1963, 964.2, effective October 1, 1978, which provides in pertinent part:

"The unwillingness of a complainant to prosecute, or a settlement between the complainant and the respondent does not itself affect the right of the administrator to proceed."

[5] See also GCR 1963, 954.

though the complaint of a client may provide the initial impetus for investigation, grievance proceedings have never been intended to provide a forum for litigating claims of individual clients against their attorneys. This was recognized in *State Bar of Michigan v Daggs*, 384 Mich 729, 733; 187 NW2d 227 (1971), where the Court stated:

> "In this procedure we are not concerned with enforcing the rights of the individuals involved. The civil courts are provided for that. Rather here we seek to make sure that all of us who hold ourselves out to the public as counsellors and agents in the administration of justice will so conduct ourselves as to merit the trust imposed in us."

Responsibility for ensuring that the conduct of attorneys comports with standards of professional responsibility rests with the legal profession and, ultimately, with this Court. In instances where serious misconduct may be involved, the decision whether to proceed with an investigation should not repose with a client. This would not only fail to serve the public interest but could be construed as an abdication of responsibility. Accordingly, we conclude, under the facts of the instant case, the State Bar Grievance Administrator was free to proceed with the claim against respondent despite the expressed desire of the client that the investigation be discontinued.

## II

We must also consider whether there exists adequate evidentiary support to sustain the board's findings of misconduct by respondent.

The hearing panel found the following facts to

have been established by a preponderance of evidence:

"2. That the panel finds that the allegation contained in the complaint in Paragraph J Subparagraph (a) was proven by the State Bar by a preponderance of evidence.[6]

"3. That the said hearing panel as to Paragraph J Subparagraph (b) of the complaint, finds that the respondent did not handle the trust funds with honesty, fidelity and good faith and that as an attorney he should have known that the funds referred to in said paragraph should have been placed either with a guardian or other fiduciary appointed by a proper court and thereafter handled fully in accord with statutes pertaining to the investment of minors' funds.

"4. The panel further finds that proper books of account and records concerning the administration of the trust funds were not kept by the respondent.

"5. That the respondent failed to disclose or to account to Bonnie Beach any information concerning the investments, the location, or the administration thereof, and that he failed to preserve the identity of the separate trust funds for the children of Mrs. Beach.

"6. That the respondent breached the duties which he had as a trustee of the Beach funds in that he failed to preserve the identity of the separate trust funds under his control, and further failed to maintain complete records of trust funds in his possession for the benefit of Bonnie Beach and for the benefit of the minor children. Further, that he failed to render accountings concerning the trust funds although requested by the said Bonnie Beach."

Based upon these findings of fact the panel

---

[6] Paragraph J of the complaint provided:

"[A]s trustee of the funds paid him for the benefit of Lori and Traci Beach, Respondent had the following duties:

"(a) To preserve the identity of the corpus of said trusts by earmarking same as money held by respondent as trustee."

concluded that respondent had violated DR 9-102(B), subds (2), (3), and (4), and DR 1-102(A)(6).

DR 9-102(B), subds (2), (3), and (4), provides:

"(B) A lawyer shall:

\* \* \*

"(2) Identify and label securities and properties of a client promptly upon receipt and place them in a safe deposit box or other place of safekeeping as soon as practicable.

"(3) Maintain complete records of all funds, securities, and other properties of a client coming into the possession of the lawyer and render appropriate accounts to his client regarding them.

"(4) Promptly pay or deliver to the client as requested by a client the funds, securities, or other properties in the possession of the lawyer which the client is entitled to receive."

Upon concluding that respondent's conduct had violated the provisions of these disciplinary rules, the hearing panel entered an order of discipline suspending respondent's license to practice law for 121 days. On November 4, 1977, the State Bar Grievance Board adopted the findings and conclusions of the hearing panel and affirmed the order of discipline.

A hearing panel is empowered to enter an order of discipline only where it finds the charges have been established by a preponderance of the evidence. Grievance Board Rule 16.13.[7] *State Bar Grievance Administrator v Crane,* 400 Mich 484, 493; 255 NW2d 624 (1977); *State Bar Grievance Administrator v Posler,* 390 Mich 581, 583; 213 NW2d 133 (1973); *State Bar Grievance Administrator v Jackson,* 390 Mich 147, 151; 211 NW2d 38 (1973). The function of this Court in reviewing the

[7] Compare GCR 1963, 964.10(1).

findings of the board is to determine whether there exists proper evidentiary support on the whole record to sustain the findings. *In the Matter of Freedman,* 406 Mich 256, 264; 277 NW2d 635 (1979); *State Bar Grievance Administrator v Geralds,* 402 Mich 387, 389; 263 NW2d 241 (1978); *State Bar Grievance Administrator v Estes,* 392 Mich 645, 649; 221 NW2d 322 (1974).

After careful review of the record, this Court concludes there exists *ample* evidence on the record as a whole to support the board's findings of misconduct on the part of respondent. Clear violations of DR 9-102(B)(2) and DR 9-102(B)(3) were established by the testimony and exhibits. Respondent admittedly kept no records of the funds received in trust for the children. Over a five-year period respondent failed to render any meaningful accounting for the whereabouts of the funds despite repeated requests by Mrs. Beach. He failed to earmark these monies as property of his client or place them in a "place of safekeeping". His unjustified treatment of the funds reflects adversely on his fitness to practice law.

Respondent raises a challenge to a *conclusion* reached by the board, namely, that respondent's conduct violated DR 9-102(B)(4).[8] The Court determines that this conclusion is indeed defective for three reasons. First, such misconduct was not charged in the complaint. An attorney may be disciplined for misconduct only where it has been charged in the complaint. *State Bar Grievance Administrator v Corace,* 390 Mich 419, 425; 213 NW2d 124 (1973); *State Bar Grievance Administrator v Jackson,* 390 Mich 147, 155; 211 NW2d 38

---

[8] The board concluded that respondent had failed to "[p]romptly pay over or deliver to the client as requested by a client the funds, securities, or other properties in the possession of the lawyer which the client is entitled to receive". DR 9-102(B)(4).

(1973). Second, no finding was made by the hearing panel or board that would support the conclusion that respondent violated DR 9-102(B)(4). Third, there exists insufficient evidentiary support on the record to sustain this conclusion.

With this one exception, the Court concludes there exists proper evidentiary support on the whole record to sustain the findings and conclusions of the board. The order of discipline imposed was fully warranted.

CONCLUSION

Accordingly, the findings and conclusions of the board are affirmed as modified. The order of discipline suspending respondent's license to practice law for 121 days is also affirmed.

COLEMAN, C.J., and KAVANAGH, WILLIAMS, LEVIN, FITZGERALD, and RYAN, JJ., concurred with BLAIR MOODY, JR., J.