GRIEVANCE ADMINISTRATOR v BOWMAN

Docket No. 113313. Argued March 7, 2000 (Calendar No. 11). Decided
July 18, 2000.

The Grievance Administrator filed a three-count formal complaint
against Victor L. Bowman for alleged misconduct that occurred in
representing certain clients. A hearing panel concluded that the
respondent had violated MRPC 1.4(a), 1.15(b), and 8.4(a) and (c),
but imposed no discipline. The Attorney Discipline Board affirmed.
The Grievance Administrator appeals.

In a unanimous opinion by Justice KELLY, the Supreme Court
*held*:

The filing of a formal complaint does not make discipline
mandatory upon a finding of misconduct. While, generally, a find-
ing of misconduct should result in a sanction, in rare cases, the
Attorney Discipline Board is not required to discipline an attorney
upon a finding of misconduct.

Because at the time it made its decision, the ADB did not have the
benefit of *Grievance Administrator v Lopatin*, 462 Mich 235
(2000), remand to the ADB is required for application of the ABA
Standards. The standards adopted in *Lopatin* establish an analyti-
cal framework to guide the ADB in determining the appropriate
sanction in a case. After determining the recommended sanction,
the ADB must consider the relevant aggravating and mitigating fac-
tors identified in the standards. However, in the rare case where
the mitigating factors clearly outweigh the aggravating factors as
well as the nature and harm of the misconduct, an order of no dis-
cipline still may be appropriate.

Reversed and remanded.

*Robert E. Edick*, Acting Grievance Administrator,
*Patrick K. McGlinn*, Associate Counsel, and *Richard
L. Cunningham*, Attorney Grievance Commission, for
petitioner-appellant.

*Lopatin, Miller, Freedman, Bluestone, Herskovic &
Domol* (by *Richard E. Shaw*) for respondent-appellee.

Amicus Curiae:

*Lee R. Franklin* for Lopatin.

KELLY, J. This is an appeal by the Grievance Admin-
istrator of a decision by the Attorney Discipline
Board (ADB). The ADB affirmed a hearing panel's find-
ing that there had been misconduct but that there be
no discipline. We remand to the ADB for reconsidera-
tion in light of our adoption of the ABA Standards for
Imposing Lawyer Sanctions.

BACKGROUND

Petitioner filed a three-count formal complaint
against respondent for alleged misconduct that
occurred when he represented Mr. Horace Sheffield
and Mrs. Joyce Sheffield, husband and wife.[1] The
underlying causes of action were a personal injury
claim on behalf of Mr. Sheffield and a loss of consor-
tium claim on behalf of Mrs. Sheffield.

Count I of the complaint against respondent alleged
that he (1) failed to advise Mrs. Sheffield of alterna-
tives to the contingent fee agreement they entered
into, (2) failed to provide Mrs. Sheffield with a copy
of that agreement, (3) failed to obtain Mrs. Sheffield's
consent before settling her claim, and (4) failed to

---

[1] Mr. Sheffield is now deceased.

witness Mrs. Sheffield's signature on the final release, although signing the release as a witness.

Count II alleged that respondent improperly directed his secretary to notarize Mrs. Sheffield's signature on the final release, although neither had seen her sign it. Count III alleged that respondent (1) signed Mrs. Sheffield's name to a settlement check without her authorization, (2) failed to inform Mrs. Sheffield when he received the settlement money, and (3) distributed Mrs. Sheffield's settlement proceeds to Mr. Sheffield without her authorization.

A hearing panel considered this case on March 4, 1998. It found that respondent (1) failed to advise Mrs. Sheffield regarding alternate methods of computing attorney fees and failed to obtain a signed contingency fee agreement, (2) directed his secretary to notarize the release, even though he knew she had not seen Mrs. Sheffield sign the document, (3) endorsed the settlement check for Mrs. Sheffield without her permission, and (4) failed to protect her interests when he distributed all the funds to Mr. Sheffield. The hearing panel concluded that respondent had violated MRPC 1.4(a),[2] 1.15(b),[3] and 8.4(a)[4]

---

[2] "A lawyer shall notify the client promptly of all settlement offers, mediation evaluations, and proposed plea bargains." MRPC 1.4(a).

[3] "Upon receiving funds . . . in which a client . . . has an interest, a lawyer shall promptly notify the client . . . . [A] lawyer shall promptly deliver to the client . . . any funds . . . that the client . . . is entitled to receive . . . ." MRPC 1.15(b).

[4] "It is professional misconduct for a lawyer to: (a) violate or attempt to violate the Rules of Professional Conduct, knowingly assist or induce another to do so, or do so through the acts of another . . . ." MRPC 8.4(a).

and (c).[5]

The panel reconvened to consider the appropriate discipline to mete out to respondent. It concluded:

> [I]t is in the best interest of justice that, due to the following circumstances: (1) sincerity and candor of the Respondent; (2) no evidence having been shown of actual economic harm to the complainant; (3) no malice; and (4) the complainant testified to an openly harmonious and trusting relationship with Horace Sheffield [her husband], a well-regarded figure in both the civil rights and labor relations communities in Detroit, discipline would serve no purpose for it is believed Respondent will not repeat such actions, and the fact of the findings of misconduct are a matter of record.

The panel cited *Grievance Administrator v Deutch*,[6] and entered an order finding misconduct, but imposing no discipline. It assessed costs of $1,126.43 against respondent. The ADB affirmed the hearing panel's order in all respects.

This Court granted petitioner's application for leave to appeal to consider two issues.[7] The first is whether *Deutch, supra*, applies to cases commenced by a formal complaint. The petitioner in *Deutch* commenced proceedings by filing with the ADB a copy of a criminal conviction.[8] The second is whether the finding of misconduct in this case warrants discipline.

---

[5] "It is professional misconduct for a lawyer to: . . . (c) engage in conduct that is prejudicial to the administration of justice . . . ." MRPC 8.4(c).

[6] 455 Mich 149; 565 NW2d 369 (1997).

[7] 461 Mich 1213 (1999).

[8] The Grievance Administrator can initiate proceedings in two ways. The administrator can file with the ADB a copy of a criminal conviction under MCR 9.120(B)(3), or file a formal complaint under MCR 9.114(A)(2).

ANALYSIS

I

We first consider whether the ADB may enter an order of no discipline when misconduct is found following the filing of a formal complaint.[9] This Court, in *Deutch, supra,* held that an order of no discipline could be entered when the complaint is initiated by filing a criminal conviction.

Initially, the *Deutch* Court held that the filing of a criminal conviction requires a hearing panel to enter an order of misconduct. *Id.* at 162. Then the Court stated:

> In so holding, however, we note that while a panel has no authority to dismiss an action during the misconduct hearing when the administrator files a valid judgment of conviction, the requisite check on the administrator's prosecutorial authority occurs at the second stage of hearing, where the panel determines the appropriate level of discipline. MCR 9.115(J)(3) does not require discipline where misconduct is established; rather, MCR 9.115(J)(3) requires a second hearing to determine the appropriate level of discipline, given all aggravating and mitigating factors. After considering such factors, the panel must then enter an *order* of discipline on a finding of "misconduct." MCR 9.115(J)(3).
>
> Again, it should be noted that the order of discipline may, in fact, order no discipline at all. MCR 9.106[10] echoes the

---

[9] MCR 9.115 identifies the procedure that a hearing panel must follow in an attorney grievance proceeding. Most relevant to our discussion is subsection (J), which provides requirements for decision making.

[10] MCR 9.106 is entitled: "Types of Discipline; Minimum Discipline; Admonishment." It provides that "[m]isconduct is *grounds for*: . . . revocation . . . suspension . . . reprimand . . . probation . . . restitution . . . or . . . admonishment." (Emphasis added.)

language in MCR 9.104,[11] which states that a finding of "misconduct" is only "*grounds* for discipline," not that a finding of misconduct requires the imposition of discipline in every case. Where notions of justice and fairness require, we hold that the order of discipline, required under MCR 9.115(J)(1) and (3), could include an order that effectively imposes no discipline on an attorney. [*Id.* at 162-163.]

While the complaint in *Deutch* arose from the filing of a criminal conviction rather than a formal complaint, that fact is not dispositive here. In *Deutch*, this Court observed that the option of entering an order of "no discipline" operated as part of a system of checks and balances. It provided a means of attenuating the authority of the Grievance Administrator. *Id.*

However, petitioner points out that, when the Grievance Administrator commences a proceeding with a formal complaint, an order of no discipline as a "check" on the administrator's authority is unnecessary. A "check" already exists when the hearing panel determines whether evidence supports the grievance. Thus, petitioner asserts that we should not recognize the option of an order of no discipline in this situation.

We conclude that the distinction identified by petitioner generates no difference. This Court, in *Deutch*, did not rely solely on its theory of checks and balances to hold as it did. It also found that the language of the rules supported the position that discipline was not required upon a finding of misconduct. See *id.* Its focus was not on the procedural mechanism by which

---

[11] MCR 9.104 is entitled: "Grounds for Discipline in General; Adjudication Elsewhere." It provides that "[t]he following acts or omissions by an attorney . . . are misconduct and *grounds for discipline* . . . ." (Emphasis added.)

the administrator commenced a complaint. Accordingly, we hold that the filing of a formal complaint does not make discipline mandatory upon a finding of misconduct.

II

We now address whether the ADB properly determined in this case that respondent's misconduct did not deserve a sanction. In *Grievance Administrator v Lopatin*,[12] we adopted the ABA Standards for Imposing Lawyer Sanctions to "further the purposes of attorney discipline, help to identify the appropriate factors for consideration in imposing discipline and establish a framework for selecting a sanction in a particular case, and promote consistency in discipline." At the time the ADB made its decision, it did not have the benefit of our guidance in *Lopatin*. The standards we adopted in *Lopatin* "establish an analytical framework to guide the disciplinary body in determining the appropriate sanction in a case." *Lopatin*, 462 Mich 239. Accordingly, we remand this matter to the ADB for application of the ABA Standards.

We also provide additional guidance for the ADB in reconsidering its decision on remand, because this case is among the first in which the ABA Standards will apply. We draw the ADB's attention to ABA Standards 4.13, 4.63, and 6.12, which state:

> Reprimand is generally appropriate when a lawyer is negligent in dealing with client property and causes injury or potential injury to a client. [ABA Standard 4.13.]

---

[12] 462 Mich 235, 238; 612 NW2d 120 (2000).

> Reprimand is generally appropriate when a lawyer negligently fails to provide a client with accurate or complete information, and causes injury or potential injury to the client. [ABA Standard 4.63.]

> Suspension is generally appropriate when a lawyer knows that false statements or documents are being submitted to the court or that material information is improperly being withheld, and takes no remedial action, and causes injury or potential injury to a party to the legal proceeding, or causes an adverse or potentially adverse effect on the legal proceeding. [ABA Standard 6.12.]

These standards appear to apply to the misconduct involved in this case.

After determining the recommended sanction, the ADB must consider the relevant aggravating and mitigating factors identified in ABA Standards 9.1-9.4. *Lopatin, supra* at 239-240.[13] Generally, a finding of misconduct should result in a sanction. See ABA Standard 1.3 comment. However, in the rare case where the mitigating factors clearly outweigh the aggravating factors as well as the nature and harm of the misconduct, an order of no discipline may still be appropriate. See *Deutch, supra* at 163, n 13.[14]

On remand, the ADB shall list both the aggravating and mitigating factors present here and explain their influence on its recommended action.

---

[13] An example of aggravating factors might be the allegation that additional probate proceedings were made necessary by respondent's conduct.

[14] We endorse the following statement made by the ADB: "The fact that a 'no-discipline' option exists does not mean that it should be employed often. . . . [The] option should . . . be exercised quite sparingly by panels and the Board." *Grievance Administrator v McFadden*, No. 95-200-GA (March 16, 1998).

CONCLUSION

We hold that, in rare cases, the ADB is not required to discipline an attorney upon a finding of misconduct. We remand this case to the ADB for reconsideration of the order of no discipline. On remand, the ADB is to apply the ABA Standards to determine whether discipline is warranted and, if so, the appropriate sanction to impose.

WEAVER, C.J., and CAVANAGH, TAYLOR, CORRIGAN, YOUNG, and MARKMAN, JJ., concurred with KELLY, J.