AVINK v SMG

Docket No. 280241. Submitted January 6, 2009, at Grand Rapids. Decided January 20, 2009, at 9:00 a.m.

James P. Avink, Sr., as personal representative of the estate of James P. Avink, Jr., deceased, brought a wrongful death action in the Kent Circuit Court against SMG, Electric Power Door, Inc., and Overhead Door Company of Grand Rapids. The decedent had sustained fatal injuries when part of an overhead door at DeVos Place fell on him. SMG is the general manager of DeVos Place, Overhead Door had installed the door, and Electric Power Door had designed and manufactured the door. SMG filed a cross-claim against Overhead Door for indemnification and breach of contract. SMG subsequently moved to disqualify the law firm of Plunkett and Cooney as Overhead Door's counsel, contending that the law firm's concurrent representation of SMG against a personal injury action brought by a performer who was injured on stage at DeVos Place and the law firm's representation of Overhead Door in this case constituted a conflict of interest that required the law firm's withdrawal as counsel for Overhead Door. The court, George S. Buth, J., denied the motion. SMG appealed by leave granted.

The Court of Appeals *held*:

The trial court erred by denying the motion. MRPC 1.7(a) provides that a lawyer shall not represent a client if the representation of that client will be directly adverse to another client, unless the lawyer reasonably believes the representation will not adversely affect the relationship with the other client and each client consents after consultation. MRPC 1.10(a) provides that in a firm, an individual attorney's conflict of interest is imputed to the entire firm. The interests of Overhead Door and SMG were directly adverse as each disclaimed liability for the decedent's fatal injuries and blamed them on the other, and SMG did not consent to the dual representation. The dual representation violated MRPC 1.7(a), and the trial court should have ordered the law firm to withdraw, as required by MRPC 1.16(a)(1) when representation will result in a violation of the Michigan Rules of Professional Conduct.

Reversed.

*Smith Haughey Rice & Roegge* (by *Jon D. Vander Ploeg* and *Marilyn S. Nickell Tyree*) for SMG.

*Plunkett Cooney* (by *Christine D. Oldani* and *Mark H. Verwys*) for Overhead Door Company of Grand Rapids.

Before: BECKERING, P.J., and WHITBECK and M. J. KELLY, JJ.

PER CURIAM. Defendant/cross-plaintiff SMG appeals by leave granted the trial court's ruling that the Plunkett & Cooney law firm's representation of SMG in an unrelated matter did not create a conflict of interest that precluded it from representing defendant/cross-defendant Overhead Door Company of Grand Rapids in this matter. This ruling allowed Plunkett & Cooney to continue as counsel for Overhead Door in this matter. We reverse.

### I. BASIC FACTS AND PROCEDURAL HISTORY

SMG is the general manager of DeVos Place. In mid-December 2005, a panel in a multi-panel overhead door at DeVos Place collapsed and crushed the decedent, James P. Avink, Jr., killing him. Overhead Door installed the door and Electric Power Door, Inc., designed and manufactured it. This case began as a wrongful death action in late October 2006, when plaintiff James P. Avink, Sr., filed a negligence action against defendants SMG, Electric Power Door, and Overhead Door. (Avink also alleged claims of product liability and breach of warranty against Electric Power Door.) In mid-February 2007, SMG filed a cross-claim against Overhead Door for indemnification and breach of contract.

In late July 2007, SMG filed a motion to disqualify Overhead Door's counsel, Plunkett & Cooney, on the

basis of that firm's concurrent representation of SMG in another case, *Martin v SMG*.[1] In *Martin*, a portable staircase that Lucia Martin, a professional ballerina, had ascended on stage collapsed, injuring her.[2] Martin sued SMG for negligence, "alleging that the stairway collapsed because the stagehands hired by SMG failed to retract the casters, leaving the staircase unsecured."[3] SMG successfully moved for summary disposition pursuant to MCR 2.116(C)(10).[4] This Court affirmed that decision, holding that Martin had not presented sufficient evidence to establish that the stagehands' failure to retract the casters was a proximate cause of her accident because there was no evidence that the casters were not retracted.[5] At the time SMG filed its motion to disqualify in this case, an application for leave to appeal this Court's decision in *Martin* was pending in the Supreme Court. Later, in lieu of granting leave, the Supreme Court reversed and remanded to the circuit court.[6]

In its motion to disqualify in this case, SMG argued that Plunkett & Cooney's dual representation of it and Overhead Door constituted a conflict of interest that violated MRPC 1.7. SMG asserted that Plunkett & Cooney's representation of Overhead Door in this case was directly adverse to its interests because Overhead Door's theory in this case was that SMG was solely negligent, which SMG denied, and SMG had filed a cross-claim against Overhead Door for indemnification, which Overhead Door contested.

---

[1] *Martin v SMG*, Kent Circuit Court No. 04-008611-NI.

[2] *Martin v SMG*, unpublished opinion per curiam of the Court of Appeals, issued May 24, 2007 (Docket No. 273528), at 1-2.

[3] *Id.* at 2.

[4] *Martin, supra* at 2.

[5] *Id.* at 3.

[6] *Martin v SMG*, 480 Mich 1043 (2008).

SMG also contended that Plunkett & Cooney would have learned numerous items of confidential information during the course of defending SMG in *Martin*, which SMG presumed the firm would use against it in this case in defending Overhead Door. It asserted that use of such information in this manner violated MRPC 1.6 and MRPC 1.8. SMG also argued that simply because different attorneys at Plunkett & Cooney handled the representation of SMG and Overhead Door did not mean that there was no conflict, because MRPC 1.10(a) provides that in a firm, an individual attorney's conflict of interest is imputed to the entire firm. Therefore, SMG asserted that, because it did not give Plunkett & Cooney its consent to represent Overhead Door in this matter, MRPC 1.16 required that the firm withdraw as Overhead Door's counsel.

Overhead Door responded that there was no conflict of interest because *Martin* and this case involved wholly unrelated matters with different plaintiffs, facilities, accidents, SMG personnel, witnesses, liability claims, insurers, and insurance claims representatives. It asserted that under these circumstances, no lawyer would reasonably believe that Plunkett & Cooney's relationship with SMG in *Martin* would adversely affect SMG in this case.

Overhead Door contended that its and SMG's positions in this case were only generally adverse because each party was asserting that Avink's liability claims had merit against another defendant, not it. However, Overhead Door later admitted that it agreed with Avink that SMG's negligence caused the accident in this case. Overhead Door also argued that SMG failed to demonstrate actual or potential prejudice. It contended that there was no evidence that Plunkett & Cooney received confidential information

from SMG. Therefore, Overhead Door asserted that it did not need SMG's consent to Plunkett & Cooney's representation of it in this case and there was no basis to disqualify the firm.

Overhead Door provided affidavits from all the attorneys involved in *Martin* and each averred that he did not receive any confidential information or have any substantive conversations about *Martin* with Mark Verwys, Plunkett & Cooney's attorney who was handling this case. It also provided Verwys's affidavit, in which he stated that he had no knowledge of *Martin* before June 12, 2007, had not received any confidential information regarding SMG, and had no substantive conversations about *Martin* with Plunkett & Cooney's attorneys. Verwys further averred that since SMG filed its motion to disqualify, all the information he learned about *Martin* was a matter of public record.

Overhead Door also asserted that no conflict existed until SMG filed its cross-claim and it appeared that SMG created this technical conflict for tactical purposes to disqualify Plunkett & Cooney. It asserted that given the difference in parties, theories, and attorneys involved in *Martin* and this case, SMG's motivation in filing its cross-claim was apparent; the trial court later dismissed this assertion, finding no evidence that SMG manufactured a conflict of interest claim. Overhead Door further contended that it would be severely prejudiced if the trial court disqualified Plunkett & Cooney at this point because the firm had already represented it in this case for 18 months.

At a hearing in mid-August, 2007, SMG argued that *Martin* and this case shared common factors: the same facility and maintenance staff, SMG's safety

training procedures for its contractors, and the issue of contractual indemnity. It also argued that it would be very surprised if Plunkett & Cooney had not learned some confidential information about SMG if it was zealously representing SMG in *Martin*. It stated that MRPC 1.10(a), which imputed individual attorney conflicts to the entire firm, made it irrelevant whether the attorneys assigned to *Martin* actually transmitted information to Verwys.

Overhead Door, in contrast, maintained that the matters were unrelated for the reasons it stated in its brief. It further contended that SMG failed to carry its burden because it failed to establish that Plunkett & Cooney learned confidential information from SMG or the firm passed along any such information to Verwys.

In rendering its decision, the trial court stated:

> I think the danger here in making a decision like this is putting form over substance. I think Mr. Verwys is correct that there was not an adverse relationship until the cross-claim was filed in March of this year. Again, I find no confidential information was passed along, so there would certainly be no prejudice to SMG. I certainly understand that they might be uneasy about that.

> \* \* \*

> But what it comes down to here is, again, a conflict did not arise here until March of this year. As a practical matter, Mr. Verwys has no knowledge of the *Martin* case. The *Martin* case is essentially over. He has no confidential information.

> The Court finds as a matter of law here that this is not a conflict which is directly adverse but only generally adverse, and again, the Court feels that if it were to rule in your favor, Ms. Tyree, again, it would be putting form over

substance and the Court's just not going to do that. So your motion is denied.

## II. MOTION TO DISQUALIFY

### A. STANDARD OF REVIEW

SMG argues that the trial court erred in denying its motion to disqualify Plunkett & Cooney. The determination of the existence of a conflict of interest that disqualifies counsel is a factual question that we review for clear error.[7] A trial court's findings of fact are clearly erroneous only if we are left with a definite and firm conviction that a mistake was made.[8] But we review de novo the application of "ethical norms" to a decision whether to disqualify counsel.[9]

### B. MRPC 1.7(a)

MRPC 1.7(a) states:

A lawyer shall not represent a client if the representation of that client will be directly adverse to another client, unless:

(1) the lawyer reasonably believes the representation will not adversely affect the relationship with the other client; and

(2) each client consents after consultation.

The comment to MRPC 1.7 states, in pertinent part:

As a general proposition, loyalty to a client prohibits undertaking representation directly adverse to that client without that client's consent. Paragraph (a) expresses that general rule. Thus, a lawyer ordinarily may not act as advocate against a person the lawyer represents in some

---

[7] *Rymal v Baergen*, 262 Mich App 274, 316; 686 NW2d 241 (2004).

[8] *Id.* at 317.

[9] *Id.*

> other matter, even if it is wholly unrelated. On the other hand, simultaneous representation in unrelated matters of clients whose interests are only generally adverse, such as competing economic enterprises, does not require consent of the respective clients. Paragraph (a) applies only when the representation of one client would be directly adverse to the other.

We note that the comments are to be used only as an instructive aid to the reader.[10] Only the text of the rule is authoritative.[11]

### C. INTERESTS THAT ARE "DIRECTLY ADVERSE"

The first step in dealing with assertions of conflicts of interest under MRPC 1.7(a) is to determine whether a lawyer's representation of a client will be "directly adverse" to the interest of another client. Clients' interests are directly adverse when one client sues another client.[12] Therefore, we conclude that the interests of Overhead Door and SMG were directly adverse when SMG filed a cross-claim against Overhead Door. In addition, we conclude, contrary to the trial court, that Plunkett & Cooney's representation of Overhead Door was directly adverse to SMG at the time the firm initially began representing Overhead Door, even before the cross-complaint was filed. *Random House Webster's College Dictionary* defines "directly" as exactly or precisely.[13] Black's Law Dictionary defines "adverse" as "opposed" or "contrary."[14] Although SMG and Over-

---

[10] *Grievance Administrator v Deutch*, 455 Mich 149, 164 n 15; 565 NW2d 369 (1997).

[11] MRPC 1.0(c).

[12] *Barkley v Detroit*, 204 Mich App 194, 203-204; 514 NW2d 242 (1994).

[13] *Random House Webster's College Dictionary* (2001).

[14] Black's Law Dictionary (6th ed), p 53. The rules of statutory construction apply to the Michigan Rules of Professional Conduct. *Morris*

head Door were both named as defendants in Avink's lawsuit, it was Overhead Door's position that SMG was solely liable for the injuries the decedent sustained, whereas SMG sought to prove that Overhead Door and another defendant, Electric Power Door, were liable. Thus, Overhead Door and SMG do not merely have different interests driven by the nature of their businesses. Rather, Overhead Door's interest in eliminating its own liability depended on establishing that SMG was wholly liable. Therefore, the trial court clearly erred by finding that the interests of Overhead Door and SMG were not directly adverse, but only generally adverse.

### D. REASONABLE BELIEF AND CONSENT

The second step in dealing with assertions of conflicts of interest under MRPC 1.7(a) has two elements. If the interests of the respective clients are directly adverse, the rule prohibits dual representation unless (a) the attorney reasonably believes the dual representation will not adversely affect the attorney-client relationship with the other client *and* (b) both clients consent after consultation. Although Overhead Door emphasizes that the matter in which Plunkett & Cooney represents SMG is unrelated to this case, as the comment to MRPC 1.7 indicates and as we repeat, the rule prohibits dual representation when it is directly adverse to another client, without both clients' consent, even if the two matters are wholly unrelated. Because Plunkett & Cooney's representation of Overhead Door in this case is directly adverse to SMG, and because SMG did not consent to the dual representation, the

*& Doherty, PC v Lockwood,* 259 Mich App 38, 44; 672 NW2d 884 (2003). Under the rules of statutory construction, this Court may consult dictionaries to ascertain the meaning of a word. *Cain v Waste Mgt, Inc (After Remand),* 472 Mich 236, 247; 697 NW2d 130 (2005).

dual representation violates MRPC 1.7(a). Thus, the trial court should have required Plunkett & Cooney to withdraw from this case.[15]

### E. SEPARATE ATTORNEYS AND "CHINESE WALLS"

Overhead Door argues that withdrawal is unnecessary because separate attorneys at Plunkett & Cooney are handling the two matters. This argument ignores MRPC 1.10(a), which states that "[w]hile lawyers are associated in a firm, none of them shall knowingly represent a client when any one of them practicing alone would be prohibited from doing so by Rules 1.7, 1.8(c), 1.9(a), or 2.2." Therefore, we impute the conflict of interest to the entire firm. The so-called "Chinese wall" to which Overhead Door refers is only a permissible remedy under MRPC 1.10(b), which does not apply to concurrent representation.

Accordingly, we conclude that the trial court erred in denying SMG's motion for disqualification.

Reversed.

---

[15] MRPC 1.16(a)(1).