# STATE OF MICHIGAN

# COURT OF APPEALS

RAGHURAM ELLURU, M.D.,

        Plaintiff-Appellee,

v

GREAT LAKES PLASTIC, RECONSTRUCTIVE
& HAND SURGERY, PC,

        Defendant,

and

SCOTT DONALD HOLLEY, M.D.,

        Defendant-Appellant.

UNPUBLISHED
February 6, 2018

Nos. 333661; 334050
Kalamazoo Circuit Court
LC No. 2015-000575-CB

Before: MURRAY, P.J., and SAWYER and MARKEY, JJ.

PER CURIAM.

Defendant Holley appeals from an order of the circuit court granting summary disposition in favor of plaintiff and ordering the dissolution of the parties' professional corporation. We affirm in part, reverse in part, and remand.

Plaintiff Elluru and defendant Holley practiced medicine together in their professional corporation, defendant Great Lakes Plastic, Reconstructive & Hand Surgery ("Great Lakes"). Holley served as Great Lakes' president and Elluru as its secretary. Both parties entered into identical employment agreements with Great Lakes in 2001. The agreements were for an initial three-year period, with a provision for automatic one-year renewals. But the agreements also provided for termination by Great Lakes for cause upon written notice or without cause upon 90 days' written notice. The parties also executed a Stock Redemption Agreement that provided that a shareholder must sell his shares to the corporation if he voluntarily terminated his employment with Great Lakes or if Great Lakes discharged his employment with or without cause.

In 2015, Elluru began to express his desire to dissolve Great Lakes and called for special meetings of the shareholders to discuss his proposals for dissolution. Holley disagreed with the plan to dissolve the corporation. On December 7, 2015, Holley sent a letter to Elluru that he had terminated Elluru's employment with Great Lakes. Elluru also was notified that, pursuant to the Stock Redemption Agreement, his shares were being acquired by Great Lakes. Elluru was

-1-

further notified that, because he was no longer employed by Great Lakes, he was also terminated as an officer and director of Great Lakes. The letter also reminded Elluru that he was subject to a non-compete agreement.

Elluru filed suit against Holley and Great Lakes seeking dissolution of the corporation and a second count seeking to set aside his termination of employment. Holley and Great Lakes moved to dismiss the claims, to stay the proceedings, and to compel arbitration. Holley argued that the employment agreement required that the claims be submitted to arbitration. Holley argued that arbitration was required because all of the claims arose out of the employment agreement. In the alternative, Holley argued that if any of the claims did not arise out of the employment agreement, the proceedings on those claims should be stayed until the arbitration on the employment claims was concluded. We agree that this matter should have been submitted to arbitration and that the trial court should have held the claims in abeyance pending the outcome of arbitration.

The key issue in this case was whether the issue of arbitrability should have been decided by the trial court or by the arbitrator. We review the trial court's decision on a motion for summary disposition de novo. *Barnard Mfg Co v Gates Performance Engineering, Inc,* 285 Mich App 362, 369; 775 NW2d 618 (2009). We also review de novo whether the trial court properly interpreted and applied the relevant contractual agreements, *Pransky v Falcon Group, Inc*, 311 Mich App 164, 173; 874 NW2d 367 (2015), as well as the relevant statutes and court rules, *Brecht v Hendry*, 297 Mich App 732, 736; 825 NW2d 110 (2012).

The Legislature has enacted the Uniform Arbitration Act, MCL 691.1681 *et seq.* MCL 691.1687(1)(b) provides that, where there is an agreement to arbitrate, a trial court must order the parties to arbitrate unless the court determines that there is no enforceable arbitration agreement. The Act further provides that it is for the court in the first instance to determine arbitrability. MCL 691.1686(2). But there is an important exception to this rule: MCL 691.1684(1) provides that "the parties may vary the effect of the requirements of this act to the extent permitted by law." Thus, the parties may agree to delegate to the arbitrator the question of arbitrability, provided that the agreement clearly so provides. See *Rent-A-Center, West, Inc v Jackson*, 561 US 63, 69 n 1; 130 S Ct 2772; 177 L Ed 2d 403 (2010).

In the case at bar, in paragraph 10 of the employment agreement, the parties agreed that "[a]ny controversy or claim arising out of or related to . . . this Employment Agreement . . . shall be settled by arbitration . . . in accordance with the Employment Dispute Resolution Rules of the American Arbitration Association . . . ." Those rules provide that the "arbitrator shall have the power to rule on his or her own jurisdiction, including any objections with respect to the existence, scope or validity of the arbitration agreement." Employment Arbitration Rules and Mediation Procedures, Rule 6(a). And the court in *Belnap v Iasis Healthcare*, 844 F3d 1272, 1283 (CA 10, 2017), stated "all of our sister circuits to address the issue have unanimously concluded that incorporation of the substantively identical (as relevant here) AAA Rules constitutes clear and unmistakable evidence of an agreement to arbitrate arbitrability."

Elluru argues that Rule 6(a) should not apply here because it was not in effect when the agreement was executed. We disagree. First, Elluru does not provide a meaningful analysis of the issue, thus abandoning the argument on appeal. See *Mitcham v Detroit*, 355 Mich 182, 203; 94 NW2d 388 (1959). Second, even if not abandoned, the argument is without merit. Rule 1 of

the Arbitration Association's National Rules for the Resolution of Employment Disputes, as in effect at the time of the execution of the agreement, provided that the "rules, and any amendments of them, shall apply in the form obtaining at the time the demand for arbitration or submission is received by the [Arbitration Association]." Thus, the parties agreed to be bound by any subsequent amendments, including Rule 6(a).

For these reasons, we conclude that the trial court erred in denying the demand for arbitration. Rather, the trial court should have granted Holley's request to stay the proceedings and submit the matter to arbitration. It is conceivable that the arbitrator could have decided that some, none, or all of the issues raised are subject to arbitration. In any event, if the arbitrator determines that any or all of the issues are subject to arbitration, those issues are to be resolved by arbitration. If, after arbitration, there remain any issues to be decided by the trial court, then the trial court shall decide those issues. But, if all issues are resolved in arbitration, then the trial court may bring this case to a conclusion.

Our resolution of this issue renders it unnecessary to consideration Holley's remaining issues, with one exception. Holley argues that the trial court erred in disqualifying the Varnum law firm from representing both Holley and Great Lakes. We disagree. We review this issue for clear error. *Avink v SMG*, 282 Mich App 110, 116; 761 NW2d 826 (2009). We review de novo whether the trial court properly interpreted and applied the rules of professional conduct. *Grievance Admin v Fieger*, 476 Mich 231, 240; 719 NW2d 123 (2006).

Until this matter is ultimately resolved, Elluru potentially remains a shareholder in Great Lakes, as does Holley. As this Court observed in *Fassihi v Sommers, Schwartz, Silver, Schwartz & Tyler, PC*, 107 Mich App 509, 516; 309 NW2d 645 (1981), with a closely held corporation, the corporation's lawyer will often "stand in confidential relationships in respect to both the corporation and [the] individual shareholders . . . ." The trial court in this case recognized that the parties' disagreement over the direction of the corporation created substantial conflicts of interest. In short, for Holley's and Great Lakes' interests to be aligned, it necessarily follows that Holley is correct and Elluru is mistaken in their respective beliefs about the resolution of this dispute and the future of Great Lakes. But which party is correct and which is mistaken remains to be determined. And until it is determined, it cannot be established which parties' interest is aligned with Great Lakes' interest. Thus, the same attorney cannot represent both the corporation and an individual shareholder without danger of violating the fiduciary relationship. See *Fassihi,* 107 Mich App at 516. Accordingly, we are not persuaded that the trial court clearly erred in determining that the Varnum law firm was disqualified from representing both Holley and Great Lakes.

Affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction. No costs, neither party having prevailed in full.

/s/ Christopher M. Murray
/s/ David H. Sawyer
/s/ Jane E. Markey